Seward, J.
(orally).
This ease is submitted to the court upon a motion for a new trial. Peter Strear was indicted by the grand jury of this county upon a charge of pocket picking. The motion for a new trial is because of the fact that it appears there might have been some force used in taking this pocket-book from Wirick, the prosecuting witness. If force was used, of course, the indictment was not good. It would be robbery, instead of pocket picking.
This question was asked by the prosecutor of Wirick, who was the prosecuting witness:
“Q. Mr. Wirick, what kind of pockets did those trousers have that you were wearing on this day when you say this theft was committed? A. Side pockets; right down the side of the leg.
*205 ”Q. Was there anything done to those pockets? A. Yes, sir; I had it fixed. Sewed up.
"Q. What was done to it by this fellow that day? A. He tore it down the seam.”
Now, J think the force that is mentioned in the statute as to pocket picking and robbery is such force as is put in motion to commit the crime, and not the force that is necessary to get away. It .must be such force as is put in motion to aid in the commission of the crime. Of course, there must be some force used in .order to get his hand into the, pocket and to get the pocket-book out. There must be some force, but it can not be that kind of force which is mentioned in the statute as constituting robbery. The force that is used in getting his hand out is not the force that is contemplated, .as the court views that section of the statute. Suppose he had. the pocket-book in his hand and the defendant grabbed it, and he should only use such force as was necessary to get away, that would not be. the force that is contemplated in that part .of the statute relating to robbery. The court will overrule this motion for a new trial, and give the benefit of an exception.